NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3505

_____

ANTHONY JOHNSON,

Appellant

v.

MULTI-SOLUTIONS, INC.; VICTOR WEXLER, D/B/A Multi-Solutions;
LARRY BLOUGH, D/B/A Multi-Solutions; JAMES DANIELS;
GATEWAY HOME EQUITY, INC., D/B/A Gateway Funding Diversified
Mortgage Services, D/B/A Ivy Mortgage; CARL GENSIB; JOHN DOES 1-10;
BANK OF AMERICA CORPORATION, F/K/A Countrywide Home Loans, Inc.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-08-cv-05134)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and RAKOFF,[*] *District Judge*.

(Filed: August 17, 2012 )

_____

OPINION OF THE COURT

_____

_____

[*] The Honorable Jed S. Rakoff, District Judge for the United States District Court
for the Southern District of New York, sitting by designation.

FISHER, *Circuit Judge*.

Anthony Johnson appeals from the order of the U.S. District Court for the District of New Jersey granting summary judgment against Johnson on claims arising out of a 2006 mortgage loan. For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2006, Anthony Johnson defaulted on a $60,000 mortgage from Ameriquest Mortgage Company (the "AMC mortgage"), which he had taken out on a residence at 854 Greenwood Avenue, Trenton, New Jersey. After the property was listed for sheriff's sale, Victor Wexler and Larry Blough of Multi-Solutions, Inc. ("MSI"), sent Johnson a letter offering assistance in avoiding foreclosure. Johnson understood MSI to be offering a "lease/buy-back" arrangement, under which Johnson would add an investor to his deed, pay the investor monthly mortgage payments for a year, take the investor off of the deed at the end of the year, and then proceed with a new mortgage in his own name. However, the actual agreement signed between Johnson and MSI deeded the property to the new owner, James Daniels, and obligated Johnson to pay monthly rent to Daniels to lease the property back. The closing agent for the sale, Carl Gensib, produced two HUD-1 settlement statements documenting the transaction: one falsely representing that Johnson

had been paid $88,148.67 for the property, the other representing (according to the "true intent of the parties") that Daniels would use "proceeds" from the sale to pay off Johnson's AMC mortgage.

Daniels executed a new mortgage on the property with Gateway to purchase the property (the "Daniels mortgage"), but in fact used the proceeds to pay off the AMC mortgage. Gateway received the fraudulent settlement statement, but received no records of the purported sale/lease-back agreement. Gateway later assigned the Daniels mortgage to Countrywide Home Loans ("Countrywide"). When Daniels defaulted, Countrywide foreclosed on the property and assigned its bid at the sheriff's sale to Fannie Mae, which subsequently obtained title to the property.

On October 20, 2008, Johnson filed a Complaint against MSI, Daniels, Gateway, and Gensib, alleging claims under, *inter alia*, the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639. Johnson filed a Second Amended Complaint on October 15, 2009, adding Countrywide as a defendant. On August 22, 2011, the District Court granted summary judgment in favor of Gateway and Countrywide (the "Creditor-Defendants") on the TILA and HOEPA claims, as well as various state law claims. On September 13, 2011, Johnson voluntarily dismissed the remaining defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Johnson timely appealed.

II.

The District Court had jurisdiction over Johnson's federal claims pursuant to 28

U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.[1]

We review the District Court's ruling on a motion for summary judgment de novo,

applying the same standard as the District Court. *Azur v. Chase Bank, USA, Nat'l Ass'n*,

601 F.3d 212, 216 (3d Cir. 2010). Summary judgment is appropriate where, drawing all

reasonable inferences in favor of the nonmoving party, there is no genuine dispute of

material fact such that the moving party is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a); *Horn v. Thoratec Corp.*, 376 F.3d 163, 166 (3d Cir. 2004).

III.

Johnson offers two arguments on appeal. First, he submits that the District Court

erred in rejecting his contention that an equitable mortgage existed between him and the

Creditor-Defendants, and consequently that he had standing to pursue his claims under

---

[1] Johnson's voluntary dismissal of the other defendants – because it was without prejudice – did not render the District Court's order dismissing the claims against the Creditor-Defendants a final, appealable order. *See, e.g.*, *Morton Int'l, Inc. v. A.E. Staley*, 460 F.3d 470, 476-77 (3d Cir. 2006) (holding that dismissal of various defendants to allow settlement, without prejudice, did not render dismissal on merits as to remaining defendant a final appealable order). However, at this Court's request, Johnson has stipulated that he will not pursue litigation against those defendants on the voluntarily dismissed claims. This is sufficient to give us jurisdiction. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991).

TILA and HOEPA[2] despite the absence of an express contract or transaction. Second, he submits that the District Court wrongly dismissed his TILA claims in finding that Gateway lacked constructive knowledge of the true nature of the MSI transaction as a sale/lease-back arrangement. Neither argument is persuasive.

The District Court correctly found that Johnson could not bring claims under TILA and HOEPA because he was not a consumer of the credit extended by Gateway or Countrywide in the Daniels mortgage. TILA and HOEPA impose disclosure requirements on creditors for certain kinds of loans, *see* 15 U.S.C. § 1601(a) (stating purpose of "assur[ing] a meaningful disclosure of credit terms" to consumers); *id.* § 1639 (requiring disclosures by creditors for certain mortgages), and provide a "civil cause of action *by a consumer* against a creditor who fails to make the required disclosures." *Tower v. Moss*, 625 F.2d 1161, 1165 (5th Cir. 1980) (emphasis added). Under TILA and HOEPA, therefore, only a "consumer of credit" is entitled to the protections offered by

---

[2] Johnson refers in his brief to his "equitable mortgage claims," which we understand to refer exclusively to those claims for which the existence of an equitable mortgage might affect the validity of his claim: TILA and HOEPA.

the statutory provisions.[3] *See Johnson v. NovaStar Mortg., Inc.*, 698 F. Supp. 2d 463, 468 (D.N.J. 2010).

"It is obvious that in order for a bank to be obligated to disclose credit terms to an individual, that individual must be doing business with the bank." *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 692 (E.D. Pa. 1973). By the same token, to qualify as a "consumer of credit," one must, at minimum, have engaged in business with the creditor. *See Johnson*, 698 F. Supp. 2d at 468; *see also* 15 U.S.C. § 1602(h) (defining "consumer" in credit transaction context under TILA and HOEPA as "the party to whom credit is offered or extended"). Johnson admitted that he never engaged in any direct transaction, let alone a credit transaction, with the Creditor-Defendants, and the cases he relies upon to argue that New Jersey would treat his arrangement as an equitable mortgage between himself and the Creditor-Defendants are inapposite. Those cases involved equitable mortgages between the plaintiff and the creditors, where the property was "nominally" in another's name, but the plaintiff made payments on the mortgage and was treated by all parties as the true property owner. *See, e.g., Johnson*, 698 F. Supp. 2d at 469-72. Here, however, the two transactions were entirely separate: Johnson's

_____

[3] Unlike the District Court, we eschew the use of the term "standing" because neither party briefed the specific question of whether Johnson, a consumer of residential real estate subject to a mortgage, has interests falling "arguably within the 'zone of interests' protected by the statute." *Lewis v. Alexander*, No. 11-3439, 2012 WL 2334322, at *9 (3d Cir. June 20, 2012). Given the breadth of the TILA and HOEPA, such an inquiry is not necessarily coextensive with Johnson's status as a consumer of credit. Accordingly, for the purposes of this decision, we treat Johnson's status as a consumer of credit offered by the Creditor-Defendants as an element of his claims.

sale/lease-back transaction did not involve the Creditor-Defendants, and the Daniels mortgage did not involve Johnson. Consequently, we agree with the District Court that Johnson was not a consumer of credit under TILA and HOEPA.

Johnson suggests that the Creditor-Defendants should be charged with constructive knowledge of the sale/lease-back arrangement because the Gateway employee who approved the Daniels mortgage, Joseph Zicaro, was aware of MSI's foreclosure rescue business. The argument is meritless. Johnson overlooks the fact that even if Zicaro were aware of MSI's foreclosure rescue business, there was no evidence in the record that he knew this particular transaction involved such an arrangement. Only Daniels signed the mortgage, only Daniels made the mortgage payments, and Gateway was only presented with the fraudulent settlement statement indicating that Daniels owned the property. Johnson instead offers a number of speculative theories as to the extent of Zicaro's knowledge of and involvement with MSI, and, piling inference upon inference, submits that we should infer that Zicaro and, by extension, Gateway, knew that Johnson was the ultimate beneficiary of the Daniels mortgage. However, "an inference based upon [] speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). We reject this argument accordingly, and therefore need not reach the question of whether such constructive knowledge would make Johnson a consumer of credit under TILA or HOEPA.

7

IV.

For the foregoing reasons, we will affirm the order of the District Court.